IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alexander Gray, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 23-cv-1931 |
| | ) | |
| City of Evanston, Evanston Police | ) | |
| Officers Kubiak, Kane, Popp, | ) | |
| Rosenbaum, and Pogorzelski, | ) | *(Judge Seeger)* |
| | ) | |
| *Defendants.* | ) | |

**AMENDED COMPLAINT**

Plaintiff, by counsel, files this amended complaint pursuant to Rule 15(a)(1)(B) and alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Alexander Gray is a middle-aged, law-abiding resident of the Northern District of Illinois.

3. Defendant City of Evanston is an Illinois municipal corporation.

4. Defendants Kubiak, Kane, Popp, Rosenbaum, and Pogorzelski were at all relevant times acting under color of their authority as police officers of the City of Evanston.

5. On March 31, 2021, the Evanston police department informed its police officers by electronic means that an anonymous caller had reported "a

white male, approximately 5 feet tall to 6 feet tall, in a dark coat and jeans" carrying a handgun north of the beach at 501 Sheridan Square in the City of Evanston.

6. Defendants Kubiak, Kane, Popp, Rosenbaum, Pogorzelski, and other Evanston police officers responded to the report of the white male, approximately 5 feet tall to 6 feet tall, in a dark coat and jeans.

7. Defendant Kubiak was the first officer to arrive at the scene.

8. Kubiak saw plaintiff, who is a non-white male, standing about 200 feet north of the beach at 501 Sheridan Square in the City of Evanston.

9. Kubiak did not see plaintiff violating any law or ordinance.

10. Kubiak unholstered his firearm and pointed it at plaintiff in the manner shown below:



11. As Kubiak pointed his firearm at plaintiff, he ordered plaintiff to "Put your hands up. Get on the ground." Plaintiff protested that he lived in the area; in response to Kubiak's question of "What do you have in your hands?" plaintiff showed his empty hands to Kubiak as shown below:



12. Kubiak continued to point his firearm as he approached plaintiff and repeated his order to, "Get on the ground."

13. Plaintiff was then in fear of his life.

14. Kubiak continued to point his firearm at plaintiff as plaintiff complied with Kubiak's orders to get on the ground.

15. Kubiak then stated, "Do what we tell you to do and you won't get hurt" and ordered plaintiff to spread his hands "like Superman."

-3-

16. Defendant Kubiak deprived plaintiff of rights secured by the Fourth Amendment in pointing his firearm at plaintiff and in ordering plaintiff to get on the ground.

17. Defendant Kane, who joined Kubiak, unholstered his firearm, and pointed it at plaintiff.

18. Defendant Kane deprived plaintiff of rights secured by the Fourth Amendment in pointing his firearm at plaintiff.

19. Other Evanston police officers, including defendants Popp, Rosenbaum, and Pogorzelski arrived at the scene, unholstered their firearms, and pointed their weapons at plaintiff.

20. Two Evanston police officers, whose names are presently not known to plaintiff, then handcuffed and searched plaintiff while he remained on the ground and while defendant Rosenbaum pointed his assault rifle at plaintiff at point-blank range.

21. Defendant Rosenbaum did not have any lawful basis to point his assault rifle at plaintiff and thereby deprived plaintiff of rights secured by the Fourth Amendment.

22. The officers who handcuffed and searched plaintiff are depicted in the following image:



23. The two Evanston police officers depicted above who searched plaintiff did not have a lawful basis to conduct that search and thereby deprived plaintiff of rights secured by the Fourth Amendment.

24. All of the officers at the scene (aside from defendant Rosenbaum) failed to intervene to stop Rosenbaum from pointing his assault rifle at plaintiff.

25. All of the officers at the scene (aside from the two officers depicted above) failed to intervene to stop the two above depicted Evanston police officers from conducting an unreasonable and unconstitutional search.

26. At all relevant times, an express policy of the City of Evanston authorized its police officers to point loaded firearms, including assault rifles, at a person without reasonable suspicion that the person was involved in

criminal activity or that deadly force was reasonable. This policy was a moving force of the unconstitutional conduct described above.

27. At all relevant times, the City of Evanston has failed to instruct and train its police officers that an uncorroborated anonymous tip that a person is carrying a firearm does not permit a police officer to point a firearm at a person, order that person to lay on the ground, and order that person to comply with the police orders under penalty of death while officers searched that person. This failure to train was a moving force of the unconstitutional conduct described above.

28. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments and incurred physical and other injuries.

29. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that the Court enter judgment for appropriate compensatory and punitive damages against the individual police officer defendants and for appropriate compensatory damages against

defendant City of Evanston, and that the costs of this action, including fees and costs, be taxed against all defendants.

          /s/ <u>Kenneth N. Flaxman</u>
              Kenneth N. Flaxman
              ARDC No. 08830399
              Joel A. Flaxman
              200 South Michigan Ave Ste 201
              Chicago, Illinois 60604
              (312) 427-3200
              *Attorneys for Plaintiffs*